IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 29 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| DAVID BRADLEY HUGHES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-441-A |
| | § | (NO. 4:17-CR-158-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of David Bradley Hughes, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:17-CR-158-A, styled "United States of America v. Carley Jean Benningfield, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On September 20, 2017, movant was named, along with others, in a one-count information charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine,

in violation of 21 U.S.C. § 846. CR Doc.[1] 75. On September 26, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 84. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 86. They also signed a waiver of indictment. CR Doc. 85. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true.[2]

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-158-A.

[2] The record does not reflect that a transcript of the arraignment hearing has been prepared.

2

The probation officer prepared the PSR, which indicated that movant's base offense level was 32. CR Doc. 122, ¶ 23. He received a two-level increase for possession of a firearm, id. ¶ 24, and a two-level increase for maintaining a premises for manufacturing or distributing a controlled substance, id. ¶ 25. Based on a total offense level of 36 and a criminal history category of IV, movant's guideline imprisonment range was 262 to 327 months. Id. ¶ 81. Movant filed objections. CR Doc. 216. The probation officer prepared an addendum to the PSR, CR Doc. 143, and a second addendum, CR Doc. 154.

On June 8, 2018, movant was sentenced to a term of imprisonment of 240 months. CR Doc. 202. At the sentencing hearing, the court heard testimony in support of the government's 5K1.1 motion and found that movant was eligible for a sentence below the bottom of the advisory guideline range. CR Doc. 263 at 7-13. Movant did not appeal.

## II.

### Grounds of the Motion

Movant urges two grounds[3] in support of his motion, worded

---

[3] The place for a description of each ground is left blank and movant has described the grounds under the heading "supporting facts."

as follows:

> **GROUND ONE**: Petitioner's lawyer let a 5-year plea expire, and now he is serving a 20-year sentence. See memorandum.

Doc.[4] 1 at PageID[5] 4.

> **GROUND TWO**: There were multiple charges and claims, which were false or irrelevant, and the Petitioner's counsel failed to raise the appropriate objections, which resulted in the unjust enhancement of the Petitioner's sentence. See memorandum.

Id. at PageID 5.

### III.

### Standard of Review

A.  **28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[4] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[5] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the type-written page numbers on the motion are not the actual page numbers of the document as filed. (Movant's memorandum, Doc. 2, does not contain page numbers.)

4

for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

5

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his memorandum, movant explains that his first ground is a complaint that he received ineffective assistance of counsel

"during the plea bargaining stage." Doc. 2 at PageID 15. He says his attorney neglected to communicate a plea offer that would have resulted in a five-year sentence. He says counsel "let the offer expire." Id. The allegation is wholly conclusory and unsupported. Notably, movant makes no mention of any plea offer or promise of any kind in his supporting declaration. Id. at PageID 21-24. Movant's conclusory allegations are insufficient to overcome the solemn declarations he made in open court at his arraignment. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Where, as here, movant alleges that he received ineffective assistance of counsel in the plea bargaining process, he must show that but for the ineffective assistance there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence or both would have been less severe than under the judgment and sentence that were in fact imposed. Lafler v. Cooper, 566 U.S. 156, 164 (2012). Movant has made no attempt to do so. And, in fact, he could not have met this burden inasmuch as the court does not accept pleas that would require a specific sentence to be imposed.

Under his second ground, movant argues that he received ineffective assistance because his attorney failed to object to

two inappropriate enhancements. Doc. 2 at PageID 17-19. Again, he fails to establish that he was prejudiced as a result.

Movant says that his sentence was enhanced "on the false basis that [he] was in possession of a firearm during the conspiracy." Doc. 2 at PageID 17. Movant addresses a .38-caliber handgun that he says he sold to the Fire Marshal of White Settlement after the birth of movant's daughter in March 2014. Id. In his declaration, movant says that "[his] conspiracy is from 2015." Id. at 24.

The information charged that the conspiracy began in or before January 2014 and continued until in or around July 2017. CR Doc. 75. The PSR noted that movant was dealing drugs with his co-conspirators and others in related cases in 2014 and 2015. CR Doc. 122 ¶ 5. A co-conspirator observed a gun in a nightstand drawer of movant's hotel room. Id. ¶ 8. Another co-conspirator reported that movant was known to carry a firearm during the conspiracy in order to rob prostitutes and their customers. Id. ¶ 14. And, a search of movant's cellular telephone records revealed a photograph of a semiautomatic firearm and at least one text message regarding the sale of a .38-caliber handgun. Id. The PSR also reflected that in June 2014 movant had sent the mother of his child a text message of his hand holding a handgun pointed at the door of her apartment. Id. ¶ 40. Thus, even if movant did

8

sell a particular .38-caliber handgun as he alleges, the PSR supports the two-level enhancement for possession of a firearm.

Movant also complains about his counsel failing to object to an incorrect juvenile charge for terroristic threats that he says "was thrown out" when he was a juvenile. Doc. 2 at PageID 18. Movant's declaration vaguely says: "Im [sic] not sure if any juvenile sentences against me. It was in the PSR but I dont [sic] know if it was used against me." Id. at PageID 23. The PSR reflects that movant pleaded guilty to terroristic threats and recites the facts supporting the charge. CR Doc. 122 ¶ 36. Movant did not receive any points for the conviction.

Finally, although not mentioned in his motion or memorandum, movant states in his declaration that he had two-level enhancement for maintaining a drug premises but his attorney withdrew the objection. He also says that he wanted to object to the amount of drugs he was held responsible for "because some was true, but a lot was false." Doc. 2 at PageID 24. Movant does not state any facts to show that he received ineffective assistance of counsel with regard to either matter. Movant is mistaken when he says that the government did not object to any of his objections. Id. The government's response to movant's objections stated that the enhancements were supported by the PSR. CR Doc. 131.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 29, 2019.

JOHN McBRYDE
United States District Judge